UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALLISON ELIZABETH BOYD,

        Plaintiff,

  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

Civil No. 2:21cv29

## FINAL ORDER

Allison Elizabeth Boyd ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("Commissioner") denying her claim for child insurance benefits and supplemental security income under the Social Security Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated May 28, 2021 (ECF No. 15), this matter was referred to United States Magistrate Judge Lawrence R. Leonard for a Report and Recommendation.

In a Report and Recommendation filed January 31, 2022, the Magistrate Judge found that the decision by the Administrative Law Judge ("ALJ") denying Plaintiff's claim was not susceptible to meaningful judicial review as to whether it was supported by substantial evidence, due to errors in the ALJ's articulation of her decision.

ECF No. 25. Accordingly, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment (ECF No. 20) be granted; that the Commissioner's Motion for Summary Judgment (ECF No. 22) be denied; and that the final decision of the Commissioner be vacated and remanded for further consideration. ECF No. 25.

By copy of the Report and Recommendation, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received the Commissioner's Objections to the Report and Recommendation (ECF No. 26) and the Plaintiff's Response thereto (ECF No. 27) and has considered the objections carefully.

I. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* any part of a magistrate judge's recommendation to which a party has properly objected. *See Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . .").

A court reviewing a decision made in accordance with the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, if the Commissioner's denial of benefits is supported by substantial evidence and was reached by applying the correct legal standard, the Court must affirm the Commissioner's final decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

With regard to the question at issue in this case, in evaluating the persuasiveness of a medical opinion, the ALJ was required to articulate how she considered the "supportability" and "consistency" factors which are designated as relevant by the applicable federal regulation. 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision."); *id.* § 416.920c(b)(2) (same); *see also id.* § 404.1520(c) (listing applicable factors for evaluation of medical opinions); *id.* § 416.920c(c) (same). *See generally* ECF No. 25 at 13–14 (explaining in further detail requirements for articulation of supportability and consistency factors).

## II. ANALYSIS

The background and history of this case are accurately laid out in the Report and Recommendation. ECF No. 25 at 1–9. Therefore, rather than recount the background again here, the Court adopts these findings in full.

Turning to the gravamen of the objections, the Magistrate Judge concluded that, while the ALJ fully discussed the supportability factor with regard to the medical opinion of treating physician Jessica Bernens, the ALJ's opinion did *not* sufficiently evaluate the consistency factor, because it did not contain "any explanation [as to] whether or not Dr. Bernens' opinion was consistent with or inconsistent with" the other record evidence. ECF No. 25 at 16. Therefore, the Magistrate Judge found that the ALJ had not complied with the agency's own regulations by "explain[ing] how [she] considered the . . . consistency factor[] for a medical source's medical opinion[]," 20 C.F.R. § 404.1520c(b)(2); *id.* § 416.920c(b)(2), resulting in a decision that

3

frustrated meaningful judicial review. ECF No. 25 at 15–16.

The Magistrate Judge noted that the ALJ's opinion completely "failed to articulate whether Dr. Bernens' opinion was consistent with other medical and nonmedical sources" and was "devoid of any explanation whether or not the ALJ considered the consistency factor" at all. *Id.* at 15. Importantly, Judge Leonard noted that, while the ALJ need not "repeat herself" in addressing record evidence, she must still "point[] to specific parts of the record that prove consistent or inconsistent with the relevant opinion." *Id.* at 14. Moreover, where this is not done, a reviewing court cannot "fill in the blanks for the ALJ" or "bolster inconclusive findings" with the court's own analysis. *Id.* (quoting *Tanzi F. v. Saul*, No. 3:19cv167, 2021 WL 3205050, at *8 (E.D. Va. July 8, 2021) (report and recommendation), quoting in turn *Patterson v. Comm'r*, 846 F.3d 656, 662–63 (4th Cir. 2017)) (internal alterations omitted).

The Commissioner's Objections do not dispute that the ALJ failed to specifically address the consistency factor. However, the Commissioner argues that an ALJ need not use any particular format in articulating her analysis, and that the ALJ's decision here, viewed as a whole, reflects that the ALJ did in fact consider and apply the consistency factor in evaluating Dr. Bernens' opinion, even if she did not use that specific terminology. ECF No. 26 at 2–6. In support, the Commissioner cites *Todd A. v. Kijakazi*, No. 3:20cv594, 2021 WL 5348668 (E.D. Va. Nov. 16, 2021), which discusses the analogous question of whether or not an ALJ sufficiently addressed the supportability factor in considering a medical opinion.

The Commissioner is correct that *Todd A.* explains that the relevant

regulations do not require "particular language" or adherence to any "particular format" in a decision, so long as the ALJ reasonably articulates her decision so that a reviewing court can "trace the path of the adjudicator's reasoning." *Id.* at *5 (quoting *Woodson v. Berryhill*, No. 3:17cv347, 2018 WL 4659449, at *6 (E.D. Va. Aug. 7, 2018), and 82 Fed. Reg. 5844-01 at 5858). And the Commissioner is also correct that, in *Todd A.*, the court concluded that the ALJ's opinion had in fact sufficiently explained its consideration of the medical opinion's supportability—even if it never specifically used the term "supportability" or referred expressly to the "supportability factor." *Id.* at *6. However, the court's analysis in *Todd A.* makes it very clear that the ALJ did much more than the ALJ did in the instant case. Specifically, in that case, the ALJ evaluated the relevant record evidence at length, *in the context of addressing the medical opinion in question. See id.* at *5–6 (delineating ALJ's analysis and concluding that "the ALJ properly addressed the supportability factor and thoroughly articulated why Dr. Sangha's own notes did not support his ultimate opinion").[1]

Here, by contrast, the problem is not merely a drafting issue whereby the ALJ conducted the proper analysis but did not make specific reference to the consistency factor. Rather, as the Magistrate Judge correctly points out, the problem here is that the ALJ did not actually analyze or even assert a bare conclusion as to whether the

---

[1] The second case cited by the Commissioner, which the Court will not address in detail, similarly involved the ALJ making a specific comparison between the other record evidence and the conclusions reached by the relevant opinion. *See Hobbs v. Saul*, No. 2:20cv4, 2021 WL 1574421, at *9–10 (W.D. Va. Apr. 22, 2021) (report and recommendation) ("[W]hile the ALJ did not specifically use the term 'consistency,' he found that these opinions were not consistent with Hobbs's treating providers' notes and conservative treatment history.")

5

other record evidence was consistent with Dr. Bernens' opinion. ECF No. 25 at 15–16. While it is true that the ALJ is not required to follow any "particular format" in her opinion, whatever format the ALJ *does* choose must allow a reviewing court to discern an "accurate and logical bridge" from the record evidence to the ALJ's conclusion. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). Here, the Court cannot do so.

The Commissioner suggests that the ALJ's discussion of the record evidence in other portions of her decision creates such a logical bridge allowing the Court to "trace the path" of the ALJ's reasoning. ECF No. 26 at 2–6. The Court disagrees. Unlike the ALJ in *Todd A.*, the ALJ here did not connect the record evidence she discussed elsewhere to Dr. Bernens' opinion. Without some such connection, the ALJ failed to build the required bridge between her discussion of the record evidence in other portions of her opinion and the question of whether Dr. Bernens' opinion was consistent with that evidence. Under these circumstances, the Court finds that the Commissioner's arguments amount to an invitation to fill in the gaps of the ALJ's reasoning and bolster an inadequate opinion, which the Court will not do.

In sum, on *de novo* review, the Court agrees with the Report and Recommendation that the ALJ's error in failing to follow the applicable regulation and address the consistency factor frustrates judicial review of whether substantial evidence supports the ALJ's decision. Accordingly, the Objections will be overruled and the matter will be remanded for further consideration in accordance with this order.

### III. CONCLUSION

The Court, having reviewed the record and examined the Objections filed by the Commissioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby **OVERRULE** the Commissioner's Objections (ECF No. 26) and **ADOPT AND APPROVE** in full the findings and recommendations set forth in the Report and Recommendation (ECF No. 25). It is, therefore, **ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 20) is **GRANTED**, the Commissioner's Motion for Summary Judgment (ECF No. 22) is **DENIED**, the decision of the Commissioner is **VACATED**, and this matter is **REMANDED** for further consideration consistent with this Order.

The parties are **ADVISED** that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is **REQUESTED** to mail a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

March 29, 2022
Norfolk, Virginia